# United States Court of Appeals for the Tenth Circuit
## OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

August 2, 2006

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 3 2006

GREGORY C. LANGHAM
CLERK

Mr. Arthur J. Moore
Limon Correctonal Facility
#62184
49030 State Hwy. 71
Limon, CO 80826

Mr. John W. Suthers
Attorney General
State of Colorado
Department of Law
1525 Sherman Street, 5th Floor
Denver, CO 80203

    Re:    06-1252, Moore v. Estep
           Dist/Ag docket: 06-cv-967-BNB

Dear Counsel and Petitioner:

    Enclosed is a copy of an order entered today in this case.

    Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk, Court of Appeals

By:
Deputy Clerk

clk:klp

cc:
    Gregory C. Langham, Clerk

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

ARTHUR J. MOORE,

    Petitioner,

v.

AL ESTEP, Warden; THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

No. 06-1252
(D.C. No. 06-CV-967-BNB)

A true copy
Teste

Elisabeth A. Shumaker
Clerk, U.S. Court of
Appeals, Tenth Circuit

By _____
Deputy Clerk

ORDER
Filed August 2, 2006

Before **KELLY**, **MURPHY**, and **HARTZ**, Circuit Judges.

Petitioner Arthur J. Moore has filed a motion for leave to file a second or successive 28 U.S.C. § 2254 habeas corpus petition under 28 U.S.C. § 2244(b). We deny the motion.

In 1989, pursuant to a plea agreement, Mr. Moore pled guilty in Colorado state court to one count of first-degree murder.[1] He was sentenced to life

---

[1] Mr. Moore was charged with six counts of first-degree murder, one count of first-degree burglary, one count of second-degree burglary, three counts of aggravated robbery, one count of first-degree arson, one count of theft, four counts alleging a crime of violence for sentencing enhancement, and five habitual criminal counts. In exchange for Mr. Moore's guilty plea to one count of first-degree murder, the State agreed (1) to dismiss all remaining counts; (2) to

(continued...)

imprisonment, without the possibility of parole for forty years. He did not appeal the conviction and sentence. In 1995, he filed a petition for a writ of habeas corpus in federal district court alleging that his guilty plea was involuntary because (1) he did not know that the plea agreement promise of presentence confinement credit was unenforceable and (2) his trial counsel was ineffective for failing to advise him that the promise was unenforceable. The district court denied habeas relief and dismissed the action, finding that the trial court, in state post-conviction proceedings, had already given Mr. Moore credit for his presentence confinement. Mr. Moore did not appeal.

In his request to file a second or successive habeas petition, Mr. Moore argues that he should be able to withdraw his guilty plea because (1) the State violated the plea agreement by informing him at the plea hearing that he would face the death penalty if he exercised his right to go to trial; and (2) the trial judge violated the plea agreement by telling Mr. Moore that he would be punished for any charge of first-degree murder if he went to trial. Mr. Moore argues that these claims rely "on . . . new rule[s] of constitutional law, made retroactive to

---

[1](...continued)
dismiss a case pending in another county; (3) not to file several potential charges against Mr. Moore for his actions while in detention; (4) to impose concurrent mandatory life sentences for the first-degree murder conviction in this case and for his convictions of one count of first-degree burglary, two counts of second-degree burglary, two counts of theft, and six habitual criminal counts in two other cases; and (5) to grant him presentence confinement credit.

cases on collateral review by the Supreme Court, that [were] previously unavailable," 28 U.S.C. § 2244(b)(2)(A), namely *Blakely v. Washington*, 542 U.S. 296 (2004); *Ring v. Arizona*, 536 U.S. 584 (2002); and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

*Blakely*, *Ring* and *Apprendi*, however, do not apply retroactively to second or successive habeas petitions. *See Bey v. United States*, 399 F.3d 1266, 1268 (10th Cir. 2005) (recognizing that Tenth Circuit has held that *Blakely* and *Apprendi* do not apply retroactively to second or successive habeas petitions); *Cannon v. Mullin*, 297 F.3d 989, 994 (10th Cir. 2002) (holding *Ring* does not apply retroactively to second or successive habeas petitions). They therefore are not new rules of law sufficient to meet the requirements for filing a second or successive habeas petition.

Mr. Moore also contends that this court should grant his motion to file a second or successive habeas petition because his claims are based on newly discovered evidence. He, however, fails to show any new evidence that he "could not have . . . discovered previously through the exercise of due diligence" and that "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B). All of the facts Mr. Moore points to were known to him when he entered his plea or when he was sentenced.

Because Mr. Moore has not met the § 2244(b) requirements to file a second or successive habeas petition, we DENY his motion to do so. Also, we DENY his motion for appointment of counsel. This order is not appealable and is not subject to a petition for rehearing or a writ of certiorari. *See* 28 U.S.C. § 2244(b)(3)(E).

> Entered for the Court
> ELISABETH A. SHUMAKER, Clerk
>
> By:
> Deputy Clerk