FILED
UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

January 26, 2011

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

Elisabeth A. Shumaker
Clerk of Court

---

In re:

ARTHUR JAMES MOORE,

    Movant.

No. 11-1015

6 cv 967

---

**ORDER**

---

Before **MURPHY**, **TACHA**, and **O'BRIEN**, Circuit Judges.

---

Arthur James Moore, a Colorado state prisoner proceeding pro se, seeks authorization to file a second or successive 28 U.S.C. § 2254 habeas petition. Mr. Moore pleaded guilty to first degree murder in 1989 and was sentenced to life imprisonment. He did not appeal. He filed his first habeas petition in 1995, which was denied by the district court. He did not appeal. Mr. Moore filed a second § 2254 petition in 2001, which was dismissed for failure to cure deficiencies. In 2006 and 2008, he sought leave from this court to file second or successive habeas petitions, and we denied both requests. *In re Moore*, No. 08-1268 (10th Cir. Aug. 1, 2008) (unpublished order); *Moore v. Estep*, No. 06-1252 (10th Cir. Aug. 2, 2006) (unpublished order). Mr. Moore now seeks authorization for the third time. Because Mr. Moore cannot meet the requisite

conditions under 28 U.S.C. § 2244(b), we deny authorization and dismiss the proceeding.

In his motion for authorization, Mr. Moore states that he seeks to present claims that the prosecution used his medical file to imply guilt, withheld an investigation from the defense, and destroyed exculpatory blood evidence. Mot. at 8. He also seeks to present claims that he was a victim of a miscarriage of justice and actual prejudice, is actually innocent, and his double jeopardy rights were violated. *Id.* at 9. Mr. Moore must show that he has not raised his claims in a previous habeas application, 28 U.S.C. § 2244(b)(1), and that his new claims either rely "on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *id.* § 2244(b)(2)(A), or depend on facts, previously undiscoverable through the exercise of due diligence, that "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty," *id.* § 2244(b)(2)(B).

Mr. Moore concedes that his claims are not based on newly discovered evidence or on a new rule of constitutional law. Mot. at 9-10. Based on our review of his motion, we conclude that Mr. Moore has failed to demonstrate that his proposed claims satisfy the required standards for authorization.

Accordingly, Mr. Moore's request for authorization is DENIED. This denial of authorization is not appealable and "shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court,

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk