FILED
United States Court of Appeals
Tenth Circuit

July 27, 2012

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

In re:

ARTHUR JAMES MOORE,

      Movant.

No. 12-1290
(D.C. No. 1:06-CV-00967-ZLW)
(D. Colo.)

---

**ORDER**

---

Before **MURPHY**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

    Arthur James Moore, a pro se Colorado state prisoner, seeks authorization to file a second or successive 28 U.S.C. § 2254 habeas petition. We DENY authorization.

    Mr. Moore pleaded guilty to first-degree murder in 1989 and was sentenced to life imprisonment. He unsuccessfully sought federal habeas relief in 1995, and over the years he has repeatedly attempted without success to gain authorization to file another habeas petition. Mr. Moore's current authorization motion is his fourth. Therein, he seeks collateral review based on new evidence, claiming that (1) a motion in limine filed by the government shows that the prosecution withheld evidence that other individuals may have committed the murders for which he was charged; (2) his trial counsel failed to address the motion and obtain a ruling; and (3) the prosecutor stated during a competency hearing that there was not "enough evidence to put Mr. Moore[ ] [a]t the crime scene." Mot. for Authorization at 8 (underlines omitted).

Authorization is not available for a new-evidence claim if "the factual predicate for the claim could . . . have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2)(B)(i). The motion in limine has been on file for over twenty years. Thus, any claims regarding that motion could have been discovered previously. As for the prosecutor's purported statement regarding evidence of Mr. Moore's presence at the crime scene, Mr. Moore was apparently aware of that statement when it was initially made. Moreover, the purported statement is not evidence that Mr. Moore is in fact innocent. *See id.* § 2244(b)(2)(b)(ii) (stating that facts underlying a new-evidence claim must clearly and convincingly demonstrate the applicant's innocence). Finally, Mr. Moore failed to diligently discover whether trial counsel provided effective representation regarding the motion in limine. And the quality of that representation does not bear on Mr. Moore's actual guilt or innocence.

Accordingly, Mr. Moore's request for authorization is DENIED. This denial of authorization is not appealable and "shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

        Entered for the Court

        *[signature]*

        ELISABETH A. SHUMAKER, Clerk